UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE; DePUY ORTHOPAEDICS, INC. )
ASR HIP IMPLANT PRODUCTS )   **MDL No. 2197**
LIABILITY LITIGATION )
                                                   )   **SHORT FORM COMPLAINT**
                                                   )   **FOR**
                                                   )   **DePUY ORTHOPAEDICS, INC.**
                                                   )   **ASR HIP IMPLANT PRODUCTS**
                                                   )   **LIABILITY LITIGATION**

---

This applies to:                                                **JURY DEMAND**

Richard Seminaro v. DePuy Orthopaedics, Inc. et al.

RICHARD SEMINARO
603 Marcou Road
Onalaska, WI 54650

       Plaintiff,

-against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

       Defendants

---

## ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

      1.    Plaintiff, Richard Seminaro, states and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP

1

IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2197. Plaintiff is filing this short form complaint permitted by Case Management Order No. 4 of this Court.

### ALLEGATIONS AS TO VENUE

2. VENUE OF THIS CASE IS APPROPRIATE IN THE United States District Court of the Western District of Wisconsin. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the United States District Court for the Western District of Wisconsin. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff Richard Seminaro is a resident and citizen of Onalaska, Wisconsin and claims damages as set forth below.

4. Plaintiff was born on June 22, 1941.

5. Plaintiff claims damages as a result of:

__X__ injury to himself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

__X__ economic loss

_____ loss of services

_____ loss of consortium

2

## ALLEGATIONS AS TO INJURIES

6. Plaintiff was implanted with a DePuy ASR hip implant on his right hip on or about December 30, 2005 at Vernon Memorial Healthcare, Viroqua, Wisconsin, by Dr. Jeffrey Lawrence.

7. On or about October 21, 2013, Plaintiff suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant: Past medical expenses, future medical expenses, past lost wages, future lost wages, past and future conscious pain and suffering, physical injury, bodily impairment, mental anguish, emotional distress and loss of enjoyment of life.

8. Plaintiff had the right ASR hip implant explanted on October 21, 2013 at Vernon Memorial Healthcare by Dr. Jeffrey Lawrence.

9. Plaintiff has suffered injuries as a result of implantation and explanation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

10. At the time of implantation with the ASR hip implant, the Plaintiff resided at 603 Marcou Road, Onalaska, WI 54650.

11. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. The plaintiff could not have known or could not have discovered the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was explanted on October 21, 2013.

13. The plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn on August 31, 2013 and he was advised of the results of said blood-work.

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS

## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

- X    FIRST CAUSE OF ACTION
       (NEGLIGENCE);

- --   SECOND CAUSE OF ACTION
       (NEGLIGENCE PER SE);

- X    THIRD CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

- --   FOURTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

- X    FIFTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

- --   SIXTH CAUSE OF ACTION
       (BREACH OF EXPRESS WARRANTY);

- --   SEVENTH CAUSE OF ACTION
       (BREACH OF WARRANTY AS TO MERCHANTABILITY);

- --   EIGHTH CAUSE OF ACTION
       (BREATCH OF IMPLIED WARRANTIES);

- X    NINTH CAUSE OF ACTION
       (FRAUDULENT MISREPRESENTATION);

4

X        TENTH CAUSE OF ACTION
         (FRAUDULENT CONCEALMENT);

--       ELEVENTH CAUSE OF ACTION (NEGLIGENT
         MISREPRESENTATION);

--       TWELFTH CAUSE OF ACTION (FRAUD AND DECEIT);

--       THIRTEENTH CAUSE OF ACTION
         (UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE
         LAW);

--       FOURTEENTH CAUSE OF ACTION
         (MISREPRESENTATION BY OMISSION);

--       FIFTEENTH CAUSE OF ACTION
         (CONSTRUCTION FRAUD);

X        SIXTEENTH CAUSE OF ACTION
         (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

--       SEVENTEENTH CAUSE OF ACTION
         (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

--       EIGHTEENTH CAUSE OF ACTION
         (GROSS NEGLIGENCE/MALICE);

--       NINETEENTH CAUSE OF ACTION
         (LOSS OF CONSORTIUM);

X        TWENTIETH CAUSE OF ACTION
         (PUNITIVE DAMAGES);

X        TWENTY-FIRST CAUSE OF ACTION
         (MEDICAL MONITORING);

--       TWENTY-SECOND CAUSE OF ACTION
         (VIOLATION OF APPLICABLE STATE CONSUMER FRAUD
         STATUTE) – SPECIFY THE STATUTE ALLEGED_____

--       TWENTY-THIRD CAUSE OF ACTION
         (RESTITUTION OF ALL PURCHASE COSTS AND DIGORGEMENT
         OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN
         PURCHASE OF THE HIP IMPLANT)

## PRAYER FOR RELEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory Damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Respectfully submitted
Counsel for Plaintiff

Dated: 11/18/13

PITMAN, KYLE, SICULA & DENTICE, S.C.

Jeffrey A. Pitman
State Bar No.: 1001316
1110 N. Old World Third Street, Suite 510
Milwaukee, WI 53203
(414) 212-0000

6